CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY V. JOSEPH H. JAMISON.

FILED MARCH 2, 1904. No. 13,371.

Instruction. An instruction which is applicable neither to the issues nor to the evidence is prejudically erroneous.

ERROR to the district court for Hall county: JOHN R. THOMPSON, JUDGE. *Reversed.*

*J. W. Deweese, F. E. Bishop* and *O. A. Abbott.* for plaintiff in error.

*W. H. Thompson, contra.*

AMES, C.

The defendant in error recovered a judgment in the district court in an action for damages for personal injuries. There was a general verdict accompanied by a series of special findings. . The latter will be mentioned as occasion requires in the following discussion. The evidence is not appreciably contradictory, though contrary inferences, in some respects, are drawn from it by counsel.

There were two gangs of about 17 men each employed by the company and engaged in loading railway rails upon flat-cars. The rails were strung along beside the track, whence they had been removed and replaced by new rails, and the men were in charge of a foreman named McCarty. The cars were moved over and along the track by means of a locomotive as fast as the loading progressed. The rails weighed 560 pounds each, and it was customary to employ 16 or 17 men to take them from the ground and put them on the car, so that if each bore a proportionate share of the burden he would lift from 33 to 35 pounds. On the occasion in question 12 men were engaged, and each was required to lift approximately 47 pounds. In order that the men should successfully accomplish their task, it was indispensable that they should all exert themselves in the same manner simultaneously, that is, that certain prearranged movements should be made by all at the same time and, in order to effect this purpose, it was necessary that the series of movements should be made in a certain order of succession and in response to a pre-established code of signals. This series of signals and movements can not be better illustrated than by reciting

what was done in the instance in question, which was in
the ordinary and usual manner of performing the task.
The rail was lying easterly and westerly on the ground
about two feet from the car, which was standing on the
track north from it. The 12 men stood along the south
side of the rail so that, ordinarily, their noses were, or
should have been, about two and a half feet apart, the dis-
tances between their bodies being, of course, considerably
less and varying with their sizes. A man named Sullivan
stood at the east end of the rail, and the defendant in error
Jamison at the west end of it. Sullivan having first indi-
cated on what part of the car the rail was to be deposited,
exclaimed, "We will give it to you," and simultaneously
he and the men standing near him grasped the rail at and
near its east end and raised it as far as his knees. This
was a signal for all the men to take hold and raise the
burden to a height even with the top of the car. Sullivan
then gave the signal "up high," which was a signal that
the rail should be lifted to a position about even with the
shoulders of the laborers and resting upon their upturned
palms, their faces, of course, being turned toward the car.
When this position had been reached, Sullivan exclaimed
"heave 'er," and the men, by a simultaneous impulse, threw
the rail forward so that it alighted at the indicated place
on the car. Sullivan and Jamison were both experienced
and competent men and, for aught that appears, all the
other men also were. But, on the morning of the day upon
which this accident occurred, McCarty, the foreman, de-
scribed to the men the nature of the service in which they
were about to be engaged, and the code of signals and
responsive movements to be observed, and cautioned them
that they must avoid grasping the rail on the side of it
toward the car, because of the danger of getting hurt by so
doing, and personally and particularly cautioned Jamison
in this respect, as did also one McIntyre, a fellow work-
man of the latter. On the occasion of the accident in ques-
tion, which occurred at about 3 o'clock P. M., after the
men had been engaged in this employment all the earlier

part of the day, Jamison, instead of standing on the south side of the rail and taking hold of it in the same manner as his fellows did, stood at the west end and grasped it with both hands, one on each side. What immediately followed, aside from the crushing of the fingers of Jamison's right hand so as to necessitate amputation, is a matter of inference and can not be made out with certainty. Nobody but himself knew of the fact until after the operation of loading had been completed, and the car and men had moved eastward into position for loading another rail.

The petition of the plaintiff in the district court alleges three acts of negligence on the part of the company, to one or all of which he attributes the injury. The answer, besides a general denial, pleads contributory negligence.

First, it is alleged, and the jury found that, at the time of the accident and during the progress of the operation of loading, the car begun slowly moving eastward and away from the plaintiff. This finding rests upon very slight evidence, and it is not shown how, if it be true, the fact contributed to the injury. The plaintiff himself says that it could have done so only by influencing the men to go through the movements more rapidly, and to throw the rail upon the car sooner than they would otherwise have done. But neither the plaintiff nor anyone else testifies to their having been so influenced. We think the finding immaterial.

Secondly, it is alleged that there was an insufficient number of men engaged in the work. The plaintiff testified and the jury found, that only 12 men joined in the loading of the rail, all the other witnesses, 3 in number, testified that there were 17. But that the force was insufficient the jury did not find, and that it was not so may be inferred from the fact that the identical force had been employed in the same operation during the preceding portion of the day without mishap or difficulty, and without objection. The plaintiff was a man 42 years of age, and had had years of experience in doing work of the same kind. If an insufficiency of force rendered the present

undertaking unnecessarily hazardous, he was fully aware of the fact, and according to a familiar rule of this court, by continuing in it, without objection, he assumed the extra risk himself. This finding is therefore immaterial.

Thirdly, it is alleged, and is found by the jury, that the signal to throw the rail upon the car was prematurely given before the west end was raised above the car. It is not specifically found to have been negligently so done, but there was a general verdict for the plaintiff, which this proceeding is prosecuted to review. This third finding, like the former, rests solely upon the testimony of the plaintiff and the following circumstances: The surface of the car was 4 feet above the track; the surface of the ground where the men stood was about even with that of the railway ties. The plaintiff, who is a man slightly under 6 feet in height, testified that the signal to throw was given when the rail was raised to a point about even with his hips, and that the east end, at that time, was probably 18 inches higher. He accounts for this circumstance by saying that an undue number of men were ranged near the east end. He is not corroborated in this respect, and it is not disputed that these men, except McCarty who was admittedly at his proper station at the east end, were fellow servants of the plaintiff, for whose fault in this regard the company would not be liable. The following instruction was excepted to and the giving of it is assigned for error:

"You are instructed that, when an employer places an employee under the direction and control of another and the latter in the exercise of the authority so conferred orders the former, with others, to do an act unusually dangerous, which they do, and thus exposes him to extraordinary peril, of the existence or extent of which he is not advised, the employer would be liable in the event of injury to such employee."

The instruction is obviously inapplicable both to the issues and to the evidence, and its submission to the jury was prejudicial error.

It is recommended that the judgment of the district court be reversed and a new trial granted.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.